UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDITH EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CV-0670-CVE-JFJ |
| | ) |
| UNITEDHEALTHCARE OF OKLAHOMA, | ) |
| INC. and MERCY HOSPITAL | ) |
| SPRINGFIELD, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is defendant UnitedHealthcare of Oklahoma, Inc.'s (UHC's) motion to dismiss (Dkt. # 19) plaintiff Edith Evans' amended complaint (Dkt. # 16). Plaintiff has filed a response (Dkt. # 23), and UHC filed a reply (Dkt. # 24).

**I.**

On November 17, 2020, plaintiff filed a complaint in the District Court in and for Ottawa County, Oklahoma (Case No. CJ-20-138), alleging that plaintiff was wrongfully denied coverage for reconstructive breast surgery undertaken to address complications related to radiation damage after plaintiff's full mastectomy. She named UHC and Mercy Hospital Springfield (Mercy) as co-defendants. In her complaint, plaintiff asserted claims against UHC for violating the Women's Health and Cancer Rights Act of 1998 (WHCRA), 29 U.S.C. § 1185 (count 1); breaching the terms of its insurance contract with plaintiff (count 2); breaching its duty of good faith and fair dealing (count 3); fraudulently misrepresenting that UHC complied with the WHCRA (count 4); and violating the Oklahoma Consumer Protection Act (OCPA) (count five). Dkt. # 2, at 198-204. Plaintiff sought a declaratory judgment (count 6) that she was not liable to either defendant for the

balance due on her surgery.[1]  Id. at 205.  Alternately, she sought a judgment against UHC for the balance due on her surgery, judgment for compensatory and punitive damages, and judgment against UHC for pre and post-judgment interest and reasonable attorney's fees and costs.  Id. at 205-06.

UHC filed a notice of removal (Dkt. # 2), arguing that some or all of plaintiff's claims were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144, and, as a result, the case was removable pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441, and 29 U.S.C. §§ 1001, et. seq.  Dkt. # 2, at 1-2.  UHC also noted that plaintiff brought a claim under WHCRA, which is a federal statute.  Id. at 2.  UHC further noted that the contract expressly states that it is governed by ERISA.  Id.

In a minute order (Dkt. # 9), the Court informed plaintiff that she would be permitted to file an amended complaint to state her ERISA claims in lieu of responding to UHC's notice of removal. Plaintiff filed her amended complaint (Dkt. # 16) on January 13, 2021.  In that complaint, plaintiff included all of the claims in her initial complaint, and added two additional claims against UHC: count 7, "for plan benefits under ERISA, 29 U.S.C. § 1132 (a)(1)(B)"; and count 8, for "breach of fiduciary duty, [under] 29 U.S.C. § 1104."  Id. at 8-11.

UHC then filed a motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all of the claims plaintiff states in her amended complaint, except plaintiff's claim for benefits under ERISA (count 7).  Dkt. # 19, at 4.  In that motion, UHC again argues that plaintiff's state law claims are pre-empted by ERISA.  Id. at 5-8.  UHC also argues that the WHCRA claim must be dismissed because WHCRA does not provide a private cause of action.  Id. at 8.  Finally, UHC argues that

---

[1]  Count 6 is the only claim against Mercy in the complaint and the amended complaint.  Dkt. # 21, at 2.

plaintiff's new claim for breach of fiduciary duty under ERISA (count 8) fails because such claims cannot survive where the only remedy sought is compensatory damages. Id. at 9.

In response (Dkt. # 23), plaintiff concedes that the state law claims in her original complaint (counts 2 through 5) are preempted by ERISA, and agrees that they should be dismissed. Dkt. # 23, at 2 n.1. Plaintiff also concedes that "WHCRA does not create a private cause of action," but argues that UHC's violation of that statute strengthens her claim for breach of fiduciary duty against UHC. Id. at 5. Plaintiff then argues that UHC breached its fiduciary duty under 29 U.S.C. § 1132(a)(3) by misrepresenting covered benefits to plaintiff; by failing to provide plaintiff with adequate reasons for denying her claim, in violation of 29 U.S.C. § 1131(1); and by failing to cover her surgery, in violation of 29 U.S.C. § 1185. Finally, plaintiff argues that she states a claim for breach of fiduciary duty as she does, in fact, seek equitable relief. Id.

UHC replies (Dkt. # 24), arguing that a fiduciary duty claim under § 1132(a)(3) "does not permit an ERISA plan member to recover compensatory damages, including, but not limited to, medical expenses," and that "where a plan member can assert a claim for plan benefits, a fiduciary duty is foreclosed, even if the benefits claim is unsuccessful." Dkt. # 24, at 2-3 (citing Mein v. Pool Co. Disabled Intern. Employee Long Term Disability Ben. Plan, Pool Co., Inc., 989 F.Supp. 1337, 1351 (D. Colo. 1998)). The motion is fully briefed.

## II.

"The Court's function on a Rule 12(b)(6) motion is not to weigh the evidence that the parties might present at trial, but to assess whether the plaintiff's complaint is legally sufficient to state a claim for which relief may be granted." Ramer v. Crain, No. 16-CV-754-JED-FHM, 2019 WL 4602816, at *2 (N.D. Okla. Sept. 23, 2019) (citing Brokers' Choice of Am., Inc. v. NBC Universal,

3

Inc., 757 F.3d 1125, 1135 (10th Cir. 2014)).[2]  To survive a motion to dismiss, a complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562.  For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).

A court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).  A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id.

---

[2]  Unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

### III.

UHC asserts, and plaintiff concedes, that plaintiff's original state law claims (counts 2 through 5) are preempted by ERISA. The Court agrees with the parties that the law in this Circuit is clear on this issue. See Conover v. Aetna U.S. Health Care, Inc., 320 F.3d 1076, 1080 (10th Cir. 2003) ("Oklahoma's bad faith law is therefore preempted" by ERISA claims); Cannon v. Group Health Services of Oklahoma, Inc., 77 F.3d 1270, 1273-74 (10th Cir. 1996) (collecting cases holding that state contract law claims and state law breach of fiduciary claims are preempted by ERISA); Wilcott v. Matlack, Inc., 64 F.3d 1458, 1464 (10th Cir. 1995) (finding claims were preempted where "[d]efendants' alleged misrepresentations relate directly to the nature of plaintiff's rights under the plan"); Fortelney v. Liberty Life Assur. Co. of Bos., 790 F. Supp. 2d 1322, 1354 (W.D. Okla. 2011) (finding consumer protection act claims preempted by ERISA); Blough v. Coop. Ben. Administrators, Inc., No. CIV-13-191-D, 2013 WL 5740448, at *3 (W.D. Okla. Oct. 22, 2013) (same); see also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 53 (1987) (holding that under 1132(a)(1) "[r]elief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits."). Accordingly, counts 2 through 6 of plaintiff's amended complaint–asserting state law claims for breach of contract, bad faith, fraud, violations of the OCPA, and seeking declaratory judgment[3] in relation to those claims–are dismissed as to UHC as preempted by ERISA. Count 6 remains pending as to Mercy only.

---

[3]   The Court notes that even though plaintiff does not state whether her claim for declaratory judgment arises from state law or federal, declaratory judgment is still available as a remedy under ERISA. Pilot, 481 U.S. at 53.

UHC further asserts that there is no private cause of action under WHCRA.  UHC cites to the Eighth Circuit's decision in Howard v. Coventry Health Care, of Iowa, Inc., 293 F.3d 442, 445 (8th Cir. 2002), in support of that proposition.  Dkt. # 19, at 8.  In Howard, the court held that, when considering the factors for determining whether Congress intended to create a private right of action in a given statute, as set forth in Cort v. Ash, 422 U.S. 66, 78 (1975), "WHCRA did not create a private cause of action."  293 F.3d at 445.  The Court finds the Eight Circuit's application of the Cort factors to WHCRA to be persuasive.  Further, plaintiff concedes that there is no private right of action under WHCRA.  Plaintiff seeks to maintain count 1 only to "strengthen[] [p]laintiff's ERISA claims for breach of fiduciary duty."  Dkt. # 23, at 5.  That a statutory violation of WHCRA may be indicative of a breach of fiduciary duty, as plaintiff argues, does not save the WHCRA claim from dismissal where the statute provides no private right of action.  Plaintiff cites no law stating otherwise.  Accordingly, count 1 of plaintiff's amended complaint is dismissed.

The only remaining dispute between the parties at this stage is whether plaintiff has stated a claim in count 8 for a breach of fiduciary duty against UHC under 29 U.S.C. § 1132(a)(3). Plaintiff argues that UHC breached its fiduciary duty under 29 U.S.C. § 1132(a)(3) by misrepresenting covered benefits to plaintiff; failing to provide plaintiff with adequate reasons for denying her claim, in violation of 29 U.S.C. § 1131(1); and by failing to cover her second reconstructive surgery, in violation of 29 U.S.C. § 1185b.  Dkt. # 23, at 3-5.  In her amended complaint, plaintiff seeks, inter alia, "equitable relief for violating its duty to cover claims under ERISA and violating its fiduciary duties under ERISA" and "[p]rejudgment and post-judgment interest as provided by law; for an award of all reasonable attorney's fees and costs incurred herein; and for any and all such other relief as this Court deems in the interest of justice."  Dkt. # 16, at 12.

In its motion to dismiss and its reply, UHC argues that a claim under 29 U.S.C. § 1132(a)(3) is properly before the Court only if plaintiff can state a claim for equitable relief. Because, according to UHC, plaintiff seeks only legal remedies in the form of compensatory damages for the balance of her surgery, plaintiff's breach of fiduciary duty claim fails. In plaintiff's response, she argues that she seeks equitable relief in the form of a surcharge. As the issue of equitable versus legal relief was the only issue raised in UHC's motion to dismiss count 8 of the amended complaint, that is the only one that the Court addresses herein.[4]

Section 1132(a)(3) "allows a plan participant, beneficiary, or fiduciary to bring a civil action: '(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.'" Phelan v. Wyoming Associated Builders, 574 F.3d 1250, 1254 (10th Cir. 2009) (quoting 29 U.S.C. § 1132(a)(3) (emphasis added in case)). Section 1132(a)(3) has been construed by the Supreme Court as a "'catchall' provision[ ] [that] act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." Varity Corp. v. Howe, 516 U.S. 489, 512 (1996). "In light of the statutory language, the Supreme Court has construed § 1132(a)(3) as allowing only 'those categories of relief that were typically available in equity.'" Phelan, 574 F.3d at 1254 (quoting Great–West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210 (2002), and Mertens v. Hewitt Associates, 508 U.S. 248, 256 (1993)). A court's traditional equitable powers include the power to

---

[4] In footnote three of UHC's reply, UHC asserts that the amended complaint also fails to state a claim for fraud under Fed. R. Civ. P. 9(b). However, as this argument is raised for the first time in a footnote of UHC's reply, it is not appropriately before the Court and will not be addressed at this point.

issue injunctions, the power to reform contracts, and "the power to provide monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment," referred to as "surcharge." CIGNA Corp. v. Amara, 563 U.S. 421, 441 (2011).

Where a case "concerns a suit by a beneficiary against a plan fiduciary (whom ERISA typically treats as a trustee) about the terms of a plan (which ERISA typically treats as a trust)" the case "is the kind of lawsuit that, before the merger of law and equity, respondents could have brought only in a court of equity, not a court of law." Id. at 439–40. "[T]he fact that [surcharge] takes the form of a money payment does not remove it from the category of traditionally equitable relief." Id. at 441. "Indeed, prior to the merger of law and equity this kind of monetary remedy against a trustee . . . was 'exclusively equitable.'" Id. at 442 (quoting Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 464 (1939)).

In her amended complaint, plaintiff alleges, and UHC does not dispute, that UHC is a fiduciary. Dkt. # 16, at 10. Plaintiff also asserts a claim for "equitable relief." Id. at 11. Allegations such as these have been deemed adequate to survive a motion to dismiss. Gearlds v. Entergy Servs., Inc., 709 F.3d 448, 452 (5th Cir. 2013) (finding plaintiff states a claim under § 1132(a)(3) even where he did not expressly argue he was due a "surcharge," but where "he did argue that he should be made whole in the form of compensation for lost benefits, and his complaint specifically asked for '[a]ny and all other damages and/or relief, equitable or otherwise, to which [he] may be entitled under federal law.'"). Further, in her response to UHC's motion to dismiss, plaintiff asserts that the equitable relief sought is a surcharge. Therefore, the question before the Court is whether, on a motion to dismiss, plaintiff can maintain an action at law under 29 U.S.C. §

8

1132(a)(1)(B), while also maintaining an action for equitable relief based on UHC's alleged breach of fiduciary duty, under 29 U.S.C. § 1132(a)(3).

This question has not been addressed by the Tenth Circuit since the Supreme Court decided CIGNA Corp. v. Amara, 563 U.S. 421 (2011), wherein the Court found that equitable relief under § 1132(a)(3) was available in cases where plaintiff initially brought a claim under § 1132(a)(1)(B). Thus, the Court must look outside the Tenth Circuit for guidance. Post-Amara,[5] the Eighth Circuit has found that while Supreme Court precedent "prohibit[s] duplicate recoveries when a more specific section of the statute, such as § 1132(a)(1)(B), provides a remedy similar to what the plaintiff seeks under the equitable catchall provision, § 1132(a)(3)," the Supreme Court's precedent does not bar plaintiffs from proceeding under both sections as "alternative—as opposed to duplicative—theories of liability." Silva v. Metro. Life Ins. Co., 762 F.3d 711, 726 (8th Cir. 2014). In arriving at that conclusion, the Eighth Circuit specifically noted that

---

[5]  UHC relies on decisions that pre-date Amara and are thus not pertinent to the extent they conflict with the holding therein. In fact, to the extent certain Eighth and Ninth Circuit decisions conflicted with post-Amara case law, those have been expressly overruled. See, e.g., Moyle v. Liberty Mut. Ret. Ben. Plan, 823 F.3d 948, 962 (9th Cir. 2016), as amended on denial of reh'g and reh'g en banc (Aug. 18, 2016) (holding that the Ninth Circuit's "pre-Amara cases [that] held that litigants may not seek equitable remedies under § 1132(a)(3) if § 1132(a)(1)(B) provides adequate relief" are "'clearly irreconcilable' with Amara and are no longer binding.") (quoting Miller v. Gammie, 335 F.3d 889, 899–900 (9th Cir. 2003)); Jones v. Aetna Life Ins. Co., 856 F.3d 541, 546–47 (8th Cir. 2017) (holding that the Eighth Circuit's departure from prior precedent "followed the intervening Amara opinion that undermined the prior panels' interpretations of Varity. Indeed, Amara implicitly determined that seeking relief under (a)(1)(B) does not preclude seeking relief under (a)(3)").

9

> [a]t the motion to dismiss stage, . . . it is difficult for a court to discern the intricacies of the plaintiff's claims to determine if the claims are indeed duplicative, rather than alternative, and determine if one or both could provide adequate relief. At the pleading stage, it is difficult to determine if relief is indeed owed under § 1132(a)(1)(B), and requiring the plaintiff to pursue that path may foreclose the plaintiff from bringing a better case pursuant to § 1132(a)(3).

Id. at 727 (citing Black v. Long Term Disability Ins., 373 F. Supp. 2d 897, 901 (E.D. Wis. 2005) ("[A] district court should generally not dismiss a § 1132(a)(3) claim as duplicative of a claim for benefits at the motion to dismiss stage of a case.")); see also Jones v. Aetna Life Ins. Co., 856 F.3d 541, 547 (8th Cir. 2017) ("[S]o long as two claims "assert different theories of liability," plan beneficiaries "may plead both.""); Bach v. Prudential Ins., 83 F. Supp. 3d 840, 845 (S.D. Iowa 2015).

Similarly, in Moyle v. Liberty Mut. Ret. Ben. Plan, 823 F.3d 948 (9th Cir. 2016), the Ninth Circuit found that ERISA allows plaintiffs to seek relief under both § 1132(a)(1)(B) and § 1132(a)(3), provided plaintiffs do not ultimately do not recover twice for the same injury. In support of that finding, the Ninth Circuit noted that "[i]n [Amara], the Supreme Court held that § 1132(a)(3) authorized equitable relief in the form of plan reformation, even though plaintiffs also claimed relief under § 1132(a)(1)(B)." 823 F.3d at 960; see also id. at 962 (finding it is permissible for plaintiffs to "seek the payment of benefits under § 1132(a)(1)(B), but if that fails, [plaintiffs may] seek an equitable remedy for the breach of fiduciary duty to disclose under § 1132(a)(3)"). Additionally, in published decisions post-Amara, district courts in other circuits have allowed claims for legal and equitable relief to proceed as alternate theories under which plaintiff can recover. See, e.g., Day v. Humana Ins. Co., 335 F.R.D. 181, 195 (N.D. Ill. 2020) (noting that district courts in the Seventh Circuit "have permitted plaintiffs to plead claims under both subsections as alternative theories").

Finally, in recent post-Amara decisions in this circuit, courts have found that dismissal of the breach of fiduciary duty claim at the pleading stage is inappropriate (see, e.g., Eschler v. The

10

Lincoln Nat'l Life Ins. Co., No. 2:20-CV-467 DB, 2020 WL 6450509, at *8 (D. Utah Nov. 3, 2020)), and at least one court has allowed claims to proceed in disagreement with unpublished intra-circuit decisions dismissing fiduciary claims as "duplicative." Smith v. Liberty Life Assurance Co. of Bos., No. 17-CV-01794-PAB-GPG, 2018 WL 4635983, at *3-4 (D. Colo. Sept. 27, 2018) (finding that Lefler v. United Healthcare of Utah, Inc., 72 F. App'x 818 (10th Cir. 2003), "does not mandate the dismissal of parallel § 1132(a)(3) claims," and disagreeing with the unpublished decisions in "district courts in this Circuit [that] have relied on Varity and Lefler to dismiss § 1132(a)(3) claims that are duplicative of denial-of-benefits claims under § 1132(a)(1)(B)").

In her amended complaint, plaintiff asserts a claim in count 7 for plan benefits under 29 U.S.C. § 1132(a)(1)(B). She also asserts a claim in count 8 that UHC breached its fiduciary duty under 29 U.S.C. § 1132(a)(3) by making fraudulent representations that caused plaintiff to purchase healthcare that she believed would provide certain coverage. See, e.g., Dkt. # 16, at 6-7. This claim states that she detrimentally relied on UHC's misrepresentations of the contract in purchasing her health insurance coverage, and is owed plan benefits regardless of the contracts express terms. UHC did not move to dismiss on the grounds that those allegations did not state a claim upon which relief could be granted. Therefore, without making a determination as to whether allegations of fraud have been appropriately stated, the Court finds that the claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) survives the motion to dismiss. The Court finds plaintiff's claims appropriately exist in the alternative where plaintiff seeks recovery either because the contract mandates it, or because equity requires she receive it based on UHC's alleged fraud. Plaintiff is not likely to secure both equitable and legal remedies; however, in line with non-binding post-Amara Eighth Circuit, Ninth Circuit, and district court decisions in several circuits, this Court finds that it is premature to

adjudicate whether plaintiff can recover under law, or whether, as a result of breach of fiduciary duty and misrepresentation, she can recover in equity.

**IT IS THEREFORE ORDERED** that defendant UHC's motion to dismiss (Dkt. # 19) is **granted in part** as to counts 1 through 6, and **denied in part** as to count 8. Accordingly, counts 1 through 6 are **dismissed**[6] as to UHC, and counts 7 and 8 remain pending as to UHC.

**IT IS FURTHER ORDERED** that the Court will address count 7 first, and thereafter address count 8 only if there remains an issue as to equitable relief.

**IT IS FURTHER ORDERED** that the parties shall file joint proposed dates for the following deadlines, relating to count 7, no later than April 7, 2021:

- Joint Submission of Administrative Record
- Plaintiff's Opening Brief
- Defendant's Response Brief
- Plaintiff's Reply Brief

**DATED** this 1st day of April, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[6] The legal basis of the declaratory relief claim against Mercy is unclear. Plaintiff argues she is entitled to a declaration that she is not liable for the balance owed of her surgery, but has not asserted that she did not receive the services provided. Resolution of the ERISA claim has no bearing on whether plaintiff owes Mercy the alleged balance. Therefore, the parties shall also **advise this Court no later than April 7, 2021** on what legal basis Mercy is properly joined as a defendant. Failure to do so may result in dismissal of count 6 as to Mercy for failure to state a claim.